SAMUEL W. BOCOCK, Respondent, *v.* MARY L. PHIPARD, as Executrix, etc., *et al.*, Appellants.

*N. Y. Supreme Court, Second Department, General Term, May 18, 1889.*

1. *Deed. Foreclosure.*—A deed absolute in form, but given as a security for a loan of money, may be foreclosed as a mortgage, and the grantor is liable for any deficiency between the amount the real estate brought on the sale and the loan, interest and costs.
2. *Same.*—A deed held to be a mortgage under the facts.

Action brought to have a deed adjudged and declared to be a mortgage, and as such, to constitute a lien upon the premises therein described, and for the foreclosure of the same.

Appeal from a judgment of foreclosure and sale, and for deficiency.

*E. J. Worcester* and *A. C. Shenstone,* for appellants.

*Bergen & Dykman,* (Jos. C. Bergen of counsel), for respondent.

BARNARD, P. J.—The proof upon the whole case is sufficient to support the findings that the deed was given as a mortgage. The check for $13,000, which was the basis of the deed, was given on the 21st of July, 1885. The deed is dated the 20th of July, 1885. It was not recorded for two years thereafter. On the 1st of December, 1885, the grantor, Phipard, paid $3,500 to the grantee. On the 19th of January, 1886, the grantor again obtained this sum of $3,500 of Bocock, the grantor. Phipard paid the taxes in 1885, 1886, 1887. He died in May, 1888, before the tax of 1888 was payable.

On one occasion Bocock sent a messenger to ask Phipard if the taxes were paid, and he replied that they were. This was after the conveyance, and is entirely inconsistent with an absolute deed given to transfer the title. Phipard is proven to have told his life-long friend, Boyd, that he had tried to sell the lots described in the deed, and could not get an offer at all approaching the price he had paid for them; he further, on one occasion, said " that he had arranged to raise the money on them, to borrow the money, and that he had borrowed the money." No other deed of conveyance or mortgage appears on the record but the one to Bocock. The conversation with Boyd was subsequent to the date of the deed in question. The testimony of the plaintiff was excluded under section 829 of the Code, and the trial judge rejected the evidence of the entries in the plaintiff's books. There is still sufficient evidence to conclude that the deed was a mortgage. The deed does not purport to have been given for $13,000, but expresses a consideration of ten dollars only. The return of $3,500, is at variance with a deed. The subsequent withdrawal of this sum indicates such circumstances upon the part of Phipard as to make the payment inconvenient. The payment of taxes by grantor for years after the conveyance, was intended to be absolute, and finally there is an expressed declaration made by the grantor that he had borrowed money on the property, which agrees with the circumstances of the case. The inquiry made by Bocock to Phipard as to the payment of the taxes, is one of great significance if it can stand solely upon the assumption that the title was in Phipard.

It was so assumed by both of the parties. The estate of deceased is liable for any deficiency. The loan existed without the deed, and the deed is simply a security for its return, with interest. The deed must be foreclosed as a mortgage security is foreclosed, but the plaintiff is entitled to a return of his debt and interest, and the borrower must make good the difference in excess of the sale money of the

property pledged for the loan. The defendant is not entitled to have the $3,500, deducted from the $13,000. The case shows advance of $16,500, and the $3,500 is taken from this sum. A loan being once established, the inference is clear that the loan covered the entire balance unpaid. If a debt is admitted in a mortgage, interest and a deficiency, judgment will be upheld. Culver v. Sisson, 3 N. Y. 264.

The case of Spencer v. Spencer (95 N. Y. 353) holds that a pre-existing debt if secured by a mortgage without a covenant to repay and without a bond, and in the absence of any evidence to the contrary, it will be assumed that the loan was advanced upon the written contract executed at the time. Here there is proof that the advance is not made upon the writing executed at the time. The deed was absolute, and it was given to secure a loan. The mortgagor was entitled to have it foreclosed as a mortgage. Smidt v. Jackson, 11 Hun, 361.

When a deed is given for a debt, the debt must be fully paid. Despard v. Walbridge, 15 N. Y. 374.

When a deed, absolute on its face, was decreed a mortgage, interest was allowed on the debt. Whittick v. Kane, 1 Paige, 202; Van Buren v. Olmstead, 5 Id. 10.

The judgment should, therefore, be affirmed, with costs.

PRATT, J., concurs. DYKMAN, J., not sitting.