(15 App. Div. 276.)

FOLEY v. FOLEY et al.

(Supreme Court, Appellate Division, Third Department. March 3, 1897.)

1. JUDGMENT—CONFORMITY WITH FINDINGS.
    A decision that a deed given by plaintiff to defendant was a mortgage,.
    and directing an interlocutory judgment to be entered accordingly, "with
    costs of this action," means that the costs shall be in plaintiff's favor.
2. SAME—MODIFICATION—POWER OF COURT AT SUBSEQUENT TERM.
    A decision at special term cannot be modified at a subsequent special term,
    though the same judge presided at each.
3. INTEREST—RIGHT TO.
    A judgment declaring a deed absolute in form to be a mortgage to secure·
    advancements by defendant to plaintiff properly allows defendant interest
    on the advancements from the time they were made.
4. MORTGAGES—REDEMPTION—JUDGMENT.
    In an action to declare a deed to be a mortgage, a provision in a judgment
    in favor of plaintiff requiring plaintiff to pay the amount due defendant
    within 90 days, and in default thereof to be forever foreclosed of her equity,
    is improper.
5. SAME—REPAIRS BY MORTGAGEE.
    Defendant in an action to declare a deed to be a mortgage given to secure·
    advancements to plaintiff will be allowed for repairs and improvements on
    the premises only so far as may be necessary to satisfy any claim made by
    plaintiff for use and occupation.

Appeal from special term, Warren county.

Action by Catharine Foley against John Foley, impleaded with
Mary A. Foley. From an order denying a motion to correct the
judgment, and from a part of the judgment, plaintiff appeals. Order
reversed. Judgment modified.

This action was brought to set aside an absolute conveyance of premises,
executed by the plaintiff to the defendant, who is her son, upon the 17th day of
October, 1892. The plaintiff claims that she intended upon that day to execute
to the defendant a mortgage to secure him for certain moneys advanced by
him to pay interest for her, and that he, instead of a mortgage, fraudulently
procured to be drawn up and executed by her the absolute conveyance in ques-
tion. The defendant answered, conceding that he held the premises, and
claimed to own them absolutely under the deed in question, and denying all the
other averments of the complaint. Upon the trial at special term the court
found the facts as follows: That on the 17th day of October, 1892, it was
agreed between the plaintiff and the defendant that she should give to him se-
curity upon the premises described in the deed for the amount of interest
money that he had at her request paid upon three certain mortgages then ex-
isting against the premises, and also to secure him for any interest money
which he might thereafter pay thereon; that the deed was executed by the·
plaintiff in pursuance of such agreement, she at the time supposing it to be a.
mortgage or a security for the moneys so paid, or to be paid for her; that the·
plaintiff did not know at the time she executed the deed that it was an abso-
lute deed, conveying the title to said premises, but supposed that it was a mort-
gage; that the same was so executed by her and received by the defendant by
a mistake of fact; that both parties intended that such deed should be a security
to the defendant for the interest money which he had paid or might thereafter·
pay upon the aforesaid mortgages. As conclusions of law the court found that
the deed so executed was a mortgage to secure to the defendant all· sums of
money so paid and to be paid by him. The decision also directed that an order
of reference be granted to ascertain and report the amount which the defend-
ant had paid as interest upon such mortgages prior to and since October 17,
1892, "and for repairs, improvements, and taxes; and also to ascertain and
report the amount of payments, if any, and offsets thereto, which the plaintiff
may have against the defendant for use and occupation of said premises or

any part thereof." The decision also further directed that an interlocutory judgment be entered accordingly, "with costs of this action." An interlocutory judgment was entered accordingly, wherein a referee was appointed to take the proofs therein provided for. Such referee took proof of the amount advanced by the defendant for interest, and ascertained it to be $456.54. He also ascertained the amount paid by defendant for repairs and improvements to the premises to be the sum of $443. Such payments for both interest and for repairs and improvements were made at different dates, and in different amounts, and the referee allowed interest upon each amount from the date it was advanced to the date of the judgment entered upon his report. He also found that the defendant had had the use and occupation of a portion of the premises for a period of 22 months, and that a reasonable compensation therefor was the sum of $152. Upon this report an application was made at a special term held by the same justice before whom the action was tried for final judgment, and judgment was thereupon ordered by him fixing the amount which the defendant had advanced for the payment of interest upon the mortgages referred to in the decision, with interest upon such payments, at the sum of $644.23; also fixing the amount paid by defendant for repairs and improvements, together with interest thereon, at the sum of $501.74; also fixing the amount chargeable against the defendant for use and occupation of the premises, together with the interest thereon, at the sum of $162.12; also adjudging that the just and proper amount which the defendant was entitled to receive from the plaintiff for the redemption of the premises was the sum of $983.85, with interest thereon from the date of the decree. It further adjudged that upon the payment of such sum by the plaintiff to the defendant within 90 days from the date of the decree, the defendant should convey to the plaintiff the premises in question, and further providing that, in default of such payment within the 90 days aforesaid, the plaintiff be "forever barred of and from all equity of redemption in said premises, and of and from all right, title, interest, claim, or demand in law or equity in, of, and to said premises, and every part thereof." Such judgment also further decreed that no costs of this action be allowed to either party as against the other. Upon the entry of such judgment, the plaintiff's attorney made application to said justice at a special term, for an order amending and correcting such judgment in the following particulars: By striking out the provision that no costs be allowed to either party, and by inserting in lieu thereof proper provisions for allowing costs to the plaintiff and against the defendant. Also by disallowing interest on the sums advanced by defendant to pay interest, and fixing the amount thereof at $456.54 instead of $644.23. Also by striking out of said judgment the amount awarded to defendant for repairs and improvements upon the premises, and for interest upon the amount so advanced. Also changing the amount adjudged to be due from the plaintiff to the defendant to the sum of $296.42, instead of the sum of $983.85. Also striking out from such judgment the provisions for a conveyance of said premises to the plaintiff, and for the foreclosing of the plaintiff's interest therein. And also asking that the interlocutory and final judgments be made to conform to the decision of the court. This application was denied at special term, and from the order there entered an appeal has been taken to this court. The plaintiff also appealed to this court from that part of the judgment which awarded to the defendant "damages for repairs, improvements, and taxes"; and also from that part which awarded interest upon such repairs, improvements, and taxes, and interest upon the interest which the defendant paid for the plaintiff; also from that part of the judgment which denied costs to the plaintiff. The notice also states that upon the appeal plaintiff will review the interlocutory judgment granted in the action.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

James H. Bain, for appellant.

C. H. Sturges, for respondent.

PARKER, P. J. It is manifest from the above statement that the judgment entered is not in conformity with the decision of the

court, and that in some particulars it cannot be sustained by that decision. It is also apparent that, while the appeal from the judgment does not bring before us all the matters of which the plaintiff complains, yet from both appeals we have before us the whole case. And by considering them together we may examine and pass upon each of the objections which the plaintiff makes to the judgment as finally entered. Her first objection is that the final judgment improperly denies her costs of the action. The decision directs that an interlocutory judgment be entered in accordance with the foregoing findings, "with costs of this action." These findings were to the effect that the conveyance in question was a mortgage, and not a conveyance in fee, and were, therefore, squarely in plaintiff's favor. Her claim was sustained, and defendant's claim (set forth in his answer), that he owned the premises in fee by virtue of such deed, was decided against him. The direction, therefore, that judgment be entered "with costs of the action" could only mean that it be entered in favor of the plaintiff with costs. The direction for costs is specific. There is not a feature in the case to indicate that they could have been intended for the defendant. Everything indicates that they were intended for the plaintiff. This was an action in which costs were in the discretion of the court, and under section 1022 of the Code it was the duty of the court to award or deny them, when it made its decision. I am clearly of the opinion that the decision did award costs of this action to the plaintiff, and that such was the proper time and method of awarding them. Assuming, then, that the question of costs is properly determined at the time of making the decision, and that the decision in question awarded costs to the plaintiff, I am of the opinion that the special term at which the final judgment was taken was without authority to disregard or modify that decision. In this instance the judgment was taken before the same justice who tried the case, but it might have been well taken before some other justice; and the impropriety of one justice at special term changing or modifying the decision of another, even in the matter of costs, is too apparent to need discussion. It is very apparent from the provisions of the Code that the judgment to be entered must conform to the decision of the court. Code, §§ 1022, 1228, 1230, 1231. And such conformity must be maintained as much in the matter of costs as in any other of its provisions. It seems, therefore, that the judgment is not correct in denying costs to the plaintiff.

The plaintiff further complains that the judgment improperly allows interest upon the sums that the defendant advanced to pay interest for the plaintiff. In this she is incorrect. The decision finds that the conveyance in question was a mortgage given to secure defendant for such sums as he had already advanced at plaintiff's request, and for such sums as he should thereafter advance to pay interest on three certain mortgages against the premises. The amount of such sums so paid was not proven upon the trial, but a reference was ordered to ascertain the same. Where money is paid at the request of another, interest is allowed from the time of such

payments. 11 Am. & Eng. Enc. Law, p. 396. In Liotard v. Graves, 3 Caines, 234, Spencer, J., says, "On money advanced, interest is legally demandable." See, also, Purdy v. Phillips, 11 N. Y. 406. As a matter of law, then, the amounts so advanced would draw interest from the time of such payment; and there is nothing in the decision inconsistent with the right to include within the security the interest lawfully accruing upon the loan secured.

The plaintiff also claims that there is nothing in the decision to warrant a judgment against her for the amounts expended in repairs and improvements upon the mortgaged premises. It is apparent that it must have appeared to the court that the defendant was a mortgagee in possession, and that he would, therefore, upon an adjustment of the amount due upon the mortgage, be required to account for the rents and profits so received by him. And therefore, as an offset to such claim on plaintiff's part, it was proper to order an inquiry as to both the rents and profits, and the expenditures for taxes, improvements, and repairs, in order to properly adjust the amount due from the plaintiff to him. Pom. Eq. Jur. §§ 1216, 1217. The mortgage, however, was not given to secure any part of such advancements, and, except so far as they were necessary to satisfy any claim the plaintiff might have for the use and occupation of the premises, they were not properly chargeable against the plaintiff.

The plaintiff further claims that the provision in the judgment requiring the plaintiff to pay to the defendant the amount due upon the mortgage in 90 days, and in default thereof to be forever barred and foreclosed of her equity of redemption therein was neither warranted by the decision, nor was it within any of the issues tried in the action. In this claim she is correct. Such provision amounts to a strict foreclosure of the plaintiff's equity of redemption. It requires her to redeem in an unusually short time (Perine v. Dunn, 4 Johns. Ch. 140), and grants to the defendant relief that is rarely granted against a mortgagor in this state. The defendant's rights in the matter are but those of an ordinary mortgagee in possession, and do not require for their protection the enforcement of so severe a remedy. Certainly such relief is not warranted in an action where it is not suggested by either of the pleadings, and is very far outside of any issue tendered by them. Smidt v. Jackson, 11 Hun, 361; Bolles v. Duff, 43 N. Y. 469; Denton v. Bank, 150 N. Y. 126, 44 N. E. 781. No fact is found or conclusion of law contained in the decision which warrants a judgment directing any foreclosure whatever of the plaintiff's equity of redemption. It is not there found that plaintiff had made default in paying the amounts which the deed was given to secure. Assuming that such amount was payable on demand, it can hardly be claimed that she was in default in not paying it, so long as defendant was holding the premises, and claiming that the conveyance to him was an absolute one in fee, instead of a mortgage. And when the decision directs that judgment be entered in conformity with the findings therein, it falls very far short of directing a judgment for a strict foreclosure against the plaintiff.

The whole scope of the decision is that the conveyance in question, although absolute in form, was in fact given and received as a mortgage, and that it must be deemed such in the hands of defendant. There is no suggestion in the decision that plaintiff had made default in paying the moneys which such conveyance was given to secure, or that the defendant was then entitled to any judgment for the enforcing or collection of the same. I conclude, therefore, that the motion of the plaintiff to strike such provision from the judgment because it did not conform to the decision should have been granted; and that, upon the appeal from the order denying such motion, such question is presented for our consideration. It is manifest that the sole effort of the plaintiff in the two appeals which she has taken is to make the judgment conform to the decision of the court. With that decision she is content, and in her claim that no subsequent special term can order a judgment not in harmony with that decision she is correct.

These views lead to the conclusion that the judgment must be made to conform to the decision, as follows: First. By striking therefrom the provisions fixing the amount paid by the defendant for repairs and improvements, together with interest thereon, and also the amount charged against him for the use and occupation of the premises, and interest thereon. Inasmuch as the repairs and improvements exceed the value of the use and occupation, such excess is not a claim against the plaintiff which can be tacked to the mortgage in question, and the account, therefore, is not necessarily any part of the judgment. Second. By fixing and determining that the amount owing from the plaintiff to the defendant, and which is secured by the deed in question, at the date of such decree, is the sum of $644.23, instead of the sum of $983.85; such being the sum advanced by defendant to pay interest on the three mortgages against the premises, with interest upon such advances from the time they were made. Third. By striking out from such judgment all the provisions for redemption by the plaintiff and for foreclosure of the plaintiff's equity of redemption, and providing in lieu thereof that such deed shall hereafter be held by the defendant or his assigns as a mortgage or security for that amount merely, and not as an absolute conveyance of the premises. Such a provision is in harmony with the decision, gives to the defendant all the security to which he is entitled under such decision, and in no manner restricts him from proceeding to a foreclosure of his mortgage and a collection of his debt. Fourth. By striking out the provision that no costs are allowed to either party, and inserting in lieu thereof a provision allowing costs to the plaintiff in this action, to be duly taxed. All this relief, I think, can be properly granted to the plaintiff upon the appeal from the order above mentioned, and her proper way to procure the judgment herein given her was by the motion which she made. Bank v. Blye, 119 N. Y. 414, 417, 23 N. E. 805.

The order appealed from, therefore, should be reversed, and an order entered amending and correcting such judgment in accordance with the provisions above stated, with $10 costs and disburse-

ments of this appeal, and with $10 costs of the motion below. In the matter of the appeal from the judgment, the judgment as amended by the above order is affirmed, without costs of such appeal to either party. All concur.