(24 Misc. Rep. 209.)

EIDLITZ et al. v. DOCTOR et al.

(Supreme Court, Special Term, New York County.  July, 1898.)

MORTGAGES—FORECLOSURE—NOTICE OF SALE.

Where the notice of appearance waived service of all papers except notice of sale, which was to be served at the office of defendant's attorneys, and it was the usual practice of the bar in such case to serve a special notice of sale, it will be presumed that the notice of appearance was given in reliance on that practice, and a sale without service of such notice may be set aside.

Suit by Mathilde Eidlitz and others against Simon Doctor, Elsie E. Mooney, and others, in foreclosure.  On motion of Elsie E. Mooney, the owner of the equity of redemption, to set aside the sale of the premises under the decree, on the ground that the plaintiffs' attorney failed to serve notice of such sale upon her attorneys, as

required by their written notice of appearance for her in the action; such notice containing a waiver of "service of all papers except notice of sale and of surplus in this action, which are to be served upon us at our office, No. 150 Nassau street, New York City." Granted.

Guillim & Meyers, for the motion.

Ernest F. Eidlitz, opposed.

DALY, J. It is conceded that no notice of sale was served pursuant to such appearance, and that no notice of the sale was given, except by the usual advertisement by the referee in the papers. It is contended by plaintiffs' attorney that as such advertisement is the only notice prescribed by statute (Code, § 1678), and none other is prescribed by the rules of court, it is therefore the only notice called for under the exception in the waiver aforesaid. But it appears from the papers submitted on this motion, which include the certificate of many leading lawyers and law firms, that it is the practice of the bar, under such a notice of appearance, to serve, and the usage to expect, a special notice of the sale, intended to advise the defendants of the time and place when such sale is to take place. In view of such a general practice and usage, it is to be presumed that the respective attorneys for the plaintiffs and the defendant in this case had knowledge of them, and practiced with reference to them, and that the notice of appearance for Mrs. Mooney was given in reliance upon that practice and usage, and was received with knowledge of the obligation it entailed. The notice of sale mentioned in the exception in the waiver could not have been understood to refer to the advertisement; for in that case the exception would be meaningless, as the advertisement is compulsory in all cases. The plaintiffs' papers on this motion concede, in effect, the practice and usage upon which defendant relied; for plaintiffs' attorney attempted to cure the omission by a subsequent consent or admission from Mrs. Mooney's attorneys. They understood, therefore, that the notice of appearance referred to individual express notice, by service of a paper containing it; and their retention of the notice of appearance was equivalent to an agreement to give such notice, which, it appears, ordinarily consists of a copy of the advertisement, inclosed and addressed, and served upon the attorneys in the ordinary way. No such notice of sale was given, and the defendant and her attorneys did not know of the sale until after it had taken place. The property was bought in by the plaintiffs for a moderate sum, and it would seem that the defendant, who was deprived of the opportunity to attend at the sale, ought, without further proof, to be granted the resale which she asks.

Motion granted, with $10 costs.