(32 Misc. Rep. 538.)

COLLINS et al. v. McARTHUR et al.

(Erie County Court. October, 1900.)

MORTGAGES—FORECLOSURE—NOTICE OF SALE.

    Where notice of appearance was given by defendants in foreclosure, thereby entitling them, under Code Civ. Proc. § 422, to notice of subsequent proceedings, the judgment and sale cannot be set aside merely because plaintiffs' attorney failed to serve notice of sale on defendants' attorney, as, the referee appointed to conduct the sale having given notice thereof by publication, as required by sections 1434 and 1678, no other or further notice was required.

Foreclosure by Anthony Collins and others, as executors, etc., against Alvah McArthur and others. On motion to cancel and discharge a judgment for deficiency and to vacate and set aside the sale and direct a resale. Denied.

Le Roy Parker, for plaintiffs.

Niles C. Bartholomew, for defendants Dunston.

EMERY, J. This is a motion for an order canceling and discharging a judgment for a deficiency entered herein against the defendant Emory W. Dunston; also vacating and setting aside the foreclosure sale, and directing a resale of the premises described in the judgment, on the ground that no notice of sale was served upon the attorney for the said defendants Dunston. The action was brought to foreclose a mortgage executed by the defendant Emory W. Dunston to the plaintiffs, and when so brought the defendants Emory W. Dunston and Helen Dunston appeared by their attorney, Mr. Bartholomew, who served personally upon the attorney for the plaintiffs a notice of appearance, and at the request of the attorney for the plaintiffs the attorney for said defendants signed and delivered to the plaintiffs' attorney a written stipulation waiving serv-

ice of all notices and papers in said action, except notice of sale. Thereafter the usual judgment of foreclosure and sale was ordered and entered. There was nothing in the stipulation requiring the attorney for the plaintiffs to serve notice of sale upon the attorney for said defendants, if he was not otherwise obliged to serve such notice. It is provided by the Code of Civil Procedure (section 422) that the service of a notice of appearance entitles the party serving the same to notice of the subsequent proceedings, and it is claimed by the attorney for the defendants that by reason of his having served a notice of appearance in this action he was entitled to have a notice of sale served upon him by the attorney for the plaintiffs. There is nothing in the moving affidavits showing that the premises were sold for less than their value, or that the defendants had been prejudiced, thus leaving the question to be decided, are the defendants entitled to have the judgment canceled and sale set aside on account of the plaintiffs' attorney having failed to serve a notice of sale upon defendants' attorney? In this case a referee was appointed in and by the judgment of foreclosure and sale to make the sale, charged with the execution of the judgment; and sections 1434 and 1678 of the Code of Civil Procedure provide what notice shall be given by the officer appointed to conduct the sale, and in this case the referee gave notice of the sale as required by said sections, and performed all his duties as directed by said judgment. The entire proceeding from the time of the entry of judgment of foreclosure and sale was simply an execution of the judgment, and the attorney for said defendants was not entitled to have notice served upon him of the steps taken in execution thereof. Moore v. Shaw, 15 Hun, 430, 431. The notice of sale given by the referee by publishing, etc., was notice to all defendants, and no other or further notice was required to be given.

Motion denied, with $10 costs.