CHARLES FRAZIER, Appellant, *v.* CLINTON F. SWIMM and Others, Defendants, Impleaded with JOHN GRAVES, Respondent.

*Sale in mortgage foreclosure — when a resale will not be ordered where a subsequent lienor has waived notice of all proceedings except notice of sale and has not had personal notice thereof — quære whether he was entitled to personal notice.*

A person having a mechanic's lien for $550 upon premises which were subject to prior liens aggregating $44,340.05, appeared in an action to foreclose a mortgage upon the premises and waived notice of all proceedings except notice of sale and surplus proceedings. The plaintiff in the foreclosure action purchased the property at the sale and after making repairs thereon at a cost of $6,000 conveyed it to his son who negotiated a new mortgage thereon. Nearly five months after the sale, the lienor above referred to, who had received no other notice of the sale than the notice published pursuant to the statute, made a motion to set aside the sale because of his failure to receive personal notice thereof.

The moving papers contained no allegation as to the value of the premises and, beyond a general allegation that the price received was inadequate, there was nothing from which the court could determine that the sale did not realize all that the property was worth. The moving party did not allege that he intended to bid at the sale or that he or anybody else would bid at the resale. He did not show that he did not, in fact, have notice of the sale, but merely alleged that "the first intimation or knowledge that deponent had that said premises were sold, was when he read an account of the sale and the amount realized therefor in one of the daily papers."

*Held,* that, under the circumstances, the court should not exercise the discretionary power vested in it to order a resale.

*Quære,* whether the moving party, by waiving notice of all proceedings except notice of sale and surplus proceedings, did not waive all notices except such as are provided by the statute and was, therefore, not entitled to receive personal notice of the sale.

APPEAL by the plaintiff, Charles Frazier, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 25th day of September, 1902, vacating and setting aside a referee's sale in foreclosure and annuling and canceling the referee's deed and ordering a resale.

*Richard T. Greene,* for the appellant.

*George J. O'Keefe,* for the respondent.

WOODWARD, J. :

The plaintiff in this action foreclosed a mortgage for $10,000, upon which there was due $3,000. The defendant Graves claimed an interest in the premises by virtue of a mechanic's lien for $550. This lien, if it was a lien, was subject to judgment of foreclosure of prior mortgages aggregating $43,310.25 and four other liens which brought the total prior liens upon the premises up to $44,340.05. Graves had appeared in the action and had waived notice of all proceedings except notice of sale and surplus proceedings. It is not disputed that he had no other notice than that which is required by the statute, by publication. The other lienors who were ahead of the defendant Graves had notice of the sale, but did not intervene to protect their claims, and the property was sold on the 19th day of March, 1902. The plaintiff bid in the property, and there is nothing before this court to show that he did not pay all that the property was worth, in view of the liens upon it. He subsequently made extensive repairs upon the premises at a cost of over $6,000, and then transferred the same to his son, and a new mortgage has been given to the Title Guarantee and Trust Company on the premises. Nearly five months after the sale of the premises, the defendant Graves moved the Supreme Court at Special Term to set aside the sale, and from the order granted this appeal is taken.

Mr. Graves, in his moving papers, does not show to the court that he did not in fact have notice of the sale; he merely states that "the first intimation or knowledge that deponent had that said premises were sold, was when he read an account of the sale and the amount realized therefor in one of the daily papers," etc. There is no allegation as to the value of the premises and, beyond a general allegation that the price received was inadequate, there is nothing from which the court could determine that the sale did not realize all that the property was worth. The defendant does not allege that he was intending to bid upon the property, or that he intended to have any one present who would bid, or that there is any one who would bid upon a resale of the premises. Under these circumstances it does not seem to us that it is a proper place for the exercise of the discretionary power vested in the court to set aside this sale. Mr. Graves, by appearing and waiving all notice, except notice of sale and surplus proceedings, practically admitted that he had no interest in the foreclosure except in the event of a surplus, and it may be fairly questioned whether, in waiving all notices, except those of sale and surplus, the defendant does not waive all notices except such as are provided by the statute. He might waive such a notice if he saw fit, and, if all the parties in interest did likewise, the question of whether the statutory notice was published or not could not be raised. This appears to have been the construction put upon a like exception in the case of *Collins* v. *McArthur* (32 Misc. Rep. 538). While that case is not an authority for this court, it is, perhaps, under the facts here presented, quite as much entitled to controlling weight as that of *Eidlitz* v. *Doctor* (24 Misc. Rep. 209), relied upon by the appellant. In the case last cited it appeared from the papers that the defendant Mooney and her attorney did not know of the sale until after it had taken place, while in the case at bar it merely appears that they did not know that the sale had taken place until after it had happened; there is no suggestion that they were not aware that it was to take place. We are unable to see that the defendant has been prejudiced; there is nothing in the moving papers to indicate that the resale would result in any advantage to the defendant, where there are so many liens prior to his own, and equities having intervened while he, with full knowledge that the sale had taken place, waits four months before discovering

that he had been wronged by a lack of personal notice, which it is admitted is not required by any provision of the statute. As was said by the court in *Moore* v. *Shaw* (77 N. Y. 512), in dismissing an appeal: "It is sufficient that the alleged error at most is a mere irregularity, based upon a rule of practice and not upon any positive statute, and that the defendant has not been in any way prejudiced." In the case at bar this practice, if it is the practice, is based upon custom, and the custom is not established by anything before the court.

The order appealed from should be reversed and the motion denied, with costs.

BARTLETT, HIRSCHBERG and JENKS, JJ., concurred; GOODRICH, P. J., concurred in result.

Order reversed, with ten dollars costs and disbursements.