William R. Brennan, Jr., J.
This motion to set aside a Referee’s sale under judgment of foreclosure of mechanics’ liens is the end result, not of a comedy of errors but a tragedy of omissions.
The trial took place on December 6, 1958 and a decision was rendered by Mr. Justice Ritchie on the same day granting judgment to the plaintiff establishing his lien in the sum of $1,740 plus interest, granting judgment to the defendant Free-port Lumber establishing its lien in the sum of $3,435 plus interest and, pursuant to stipulation of the parties, adjudging both liens to be on a parity.
The successful parties omitted to have judgment signed until June 24, 1959 and the judgment was not entered until July 30, *876 1959. The judgment was prepared by the attorneys for Free-port Lumber, but they omitted to serve a copy of the judgment with notice of entry on the plaintiff’s attorney. The Referee appointed to sell the foreclosed property caused notice of sale to be published in a local newspaper, but omitted to serve or cause to be served on the attorney for the plaintiff a notice of sale. The plaintiff’s attorney omitted to inquire as to the date of the sale, even though he had actual knowledge of the signing of the judgment though no notice of its entry. The sale took place on November 20, 1959 and everyone omitted to attend, except Jack Rosenstein the president of Freeport Lumber. In his corporate capacity, he omitted to make a bid for the property but, in his individual capacity he bid the generous sum of $100, the exact amount necessary to pay the Referee his fee and omit to leave any proceeds to be distributed either to plaintiff or Freeport Lumber. The Referee omitted to file his report of sale until April 19, 1960, some five months after the sale, and the attorneys for Freeport Lumber and for Jack Rosenstein omitted to make a motion to confirm this report of sale until July 13, 1960. This latter motion is also before the court.
On April 29, 1960, Mr. Rosenstein sold the property to Mr. and Mrs. Calvin Tann for the sum of $5,500. The Tanns have made substantial improvements to the property and though not parties to this action, oppose the principal motion as it may work a great hardship upon them.
Section 109-a of the Civil Practice Act authorizes the court “ in its discretion and upon such terms as justice requires ” (italics supplied) to set aside a judicial sale for any irregularity which may be prejudicial to the rights of any party. The failure to give notice of sale is such an irregularity. (Dickey v. Goertner, 146 N. Y. S. 264; Eidlitz v. Doctor, 24 Misc. 209.) The failure of the Referee to comply with section 1088 of the Civil Practice Act is also an irregularity, and in view of the unconscionably low price bid for the property, the court is constrained to view the rights of the plaintiff as having been seriously prejudiced. The facts are entirely different than those which the Appellate Division considered in Frazier v. Swimm (79 App. Div. 53) wherein the court recognized and affirmed the discretionary power of the lower court, but held on the facts that the power should not have been exercised.
Here, however, the court must also protect the innocent purchasers who have improved the property, and who undoubtedly relied upon the presumption of regularity which attends judicial sales. (See Leland v. Cameron, 31 N. Y. 115.) Conse *877 quently, decision is reserved both upon the motion to confirm the Referee’s report of sale, and the motion to set aside the sale. Mr. Jack Rosenstein, being under the jurisdiction of this court as a purchaser at a judicial sale (Parish v. Parish, 87 App. Div. 430) is directed, within 30 days after having been served with notice of entry of the order to be entered hereon, to pay to the plaintiff the sum of $1,000, being the amount to which the plaintiff would have been entitled had he been given notice of the sale, attended and bid the amount he now asserts he would have bid and had been outbid by Freeport Lumber Co. If this sum is not paid within the time limited, then, aside from any other proceedings any of the parties may take, the sale will be set aside and a new sale ordered. If, on the other hand, the sum is paid, the report of sale will be confirmed. Settle order on notice.