■    PETER SNELL, Appellant, et al., Plaintiff, v GENEVIEVE A. TIMMERMAN, Defendant, and MANUFACTURER'S AND TRADER'S TRUST COMPANY, Respondent.—Order unanimously modified and, as modified, affirmed, with costs to appellant, in accordance with the following memorandum: Peter W. Snell, the purchaser of real property at a foreclosure sale, appeals from an order of Supreme Court which vacated the sale, relieved him of all obligations contained in the terms of sale, and directed the referee to return his deposit and to readvertise and sell the mortgaged premises. The question presented on this appeal is whether a party who has appeared in a foreclosure action is entitled to personal service of notice of sale. A judgment in the amount of $6,890.97 in favor of Manufacturer's and Trader's Trust Company (Manufacturer's) against the owner of the equity of redemption of the foreclosed premises constituted a lien second to plaintiff's mortgage. In the foreclosure action Manufacturer's interposed an answer which questioned the reasonableness of attorney's fees added by plaintiff to the indebtedness secured by the mortgage. However, Manufacturer's later stipulated that its answer be withdrawn, the action reduced to judgment and the premises sold. Although a notice of sale was published as required by law (Real Property Actions and Proceedings Law, § 231), Manufacturer's did not appear at the foreclosure sale. After the public sale of the premises to Snell, whose high bid of $10,357.85 was accepted, Manufacturer's moved to set it aside. In its affidavits it alleged that notice of sale was required to be served upon it because it had appeared in the action, but that no such notice was served and it had no knowledge of when the sale was to be held. Further, it averred that it had appraised the premises at $36,000 that the balance owing on plaintiff's mortgage was less than $10,000, that back taxes totaled $1,700, that no other lien was prior to its lien, that it intended to appear at the sale and submit a bid to protect its judgment lien, and that the absence of notice was prejudicial to it and the owner of the premises, against whom its judgment had been entered. On the argument before us Manufacturer's also committed itself to bid at the resale an amount equivalent to its lien and all superior liens on the property. Although evidence may be presented to establish that custom and practice require personal service of notice to a party who has appeared in a foreclosure action, this evidence was not presented herein. Section 231 of the Real Property Actions and Proceedings Law, which provides a detailed procedure for public sales in real property actions, requires only publication of notice. The requirement of personal service, however, on a party who has appeared in the action may be grounded on equitable principles. A showing of prejudice as a result of the failure to be notified is a sufficient basis to merit vacating the judicial sale (cf. *Moore v Shaw,* 77 NY 512; *Frazier v Swimm,* 79 App Div 53; see, also, *Alben Affiliates v Astoria Term.,* 34 Misc 2d 246; *McCoy v Bailey,* 24 Misc 2d 875; *Dickey v Goertner,* 146 NYS 264; *Eidlitz v Doctor,* 24 Misc 209; see, generally, 13 Carmody-Wait 2d, NY Prac., § 88.8). Here,

Manufacturer's claims that if it had been notified of the sale, it would have bid a price for the property sufficient to cover its lien and all superior liens. Snell purchased the property for an amount insufficient to cover Manufacturer's lien. Snell, however, was innocent of the lack of notice and consequent prejudice to Manufacturer's. In view of the prejudice to Manufacturer's caused by plaintiff's failure to give personal notice to it of the sale, and in light of Manufacturer's commitment to this court to bid upon a resale an amount equal to its lien and all prior liens on the property, we conclude that Snell should have the option to increase his bid to the extent of paying and discharging Manufacturer's lien and thereupon retaining the property under his bid as thus augmented. Special Term's order, therefore, is modified to the extent of granting to Snell the privilege of increasing his bid, to pay and discharge the lien of Manufacturer's, and, as thus modified, the order is affirmed. In the event that Snell does not choose to exercise this privilege within 20 days of the entry of the order hereon, the order of Special Term is affirmed. (Appeal from order of Orleans Supreme Court—vacate foreclosure sale.) Present—Simons, J. P., Hancock, Jr., Schnepp, Callahan and Witmer, JJ.