## MATTER OF MILLER.

*Supreme Court, First District; At Chambers, Dec., 1862.*

RESIGNATION OF TRUSTEE.—CONSENT OF PARTIES.—REFERENCE.

The court does not accept the resignation of a trustee,—*e. g.*, the committee of a lunatic,—as a matter of course. No attention is paid to the consent of parties, except so far as their views have a bearing on the propriety of the resignation. The proper practice is to order a reference to inquire and ascertain the facts and circumstances under which the resignation is offered.

Requisites of the order.

Application by the committee of a lunatic to be discharged from his office.

In April, 1859, a committee of the person and estate of Hannah E. Miller, a lunatic, was appointed by this court, who immediately entered upon the discharge of his duties.

The entire estate of the lunatic consisted in an income of six hundred dollars per annum, resulting from a trust created for that purpose.

On the 7th July, 1862, the daughter of the lunatic presented a petition to this court at special term, praying for the removal of the committee ; and an order was made upon said petition requiring the committee to show cause why he should not be removed. The committee being desirous to be relieved, a stipulation was entered into between the counsel of the parties, that the committee would present a petition requesting to be discharged, and praying the appointment of some proper person in his stead, whereupon the proceedings were discontinued, and now the committee presented his petition accordingly.

*Lamberson & Onderdonk,* for the petitioner.

BARNARD, J.—The court does not accept the resignation of a trustee as a matter of course. It must be satisfied that there is some good reason rendering such resignation necessary or

expedient. The court will therefore pay no attention to any agreement entered into between the parties for the resignation of a trustee, except so far as the views of the interested parties may have a bearing on the question of the propriety of the acceptance of a resignation. There must be an order of reference to inquire into, and ascertain the truth of the matters alleged in the petition by the committee.

The order must require the referee to ascertain and report whether the resignation should be accepted, and as to of what date it should be accepted; and if the referee should be of opinion that it should be accepted, then to inquire and ascertain who is a proper person to be appointed committee, and whether any security should be required, and if any, in what amount and in what form it should be given, and to inquire into and ascertain the sufficiency of the proposed sureties; and, also, to take and state an account as between the lunatic and the present committee; such account to show the property received by the committee, the disposition thereof, and the claims of the committee against the lunatic. The referee must be authorized to take proof, and pass on any claim presented by the committee which shall be contested on behalf of the lunatic. The referee to report the evidence taken by him, and his conclusions, and to return a written consent of the person selected by him to be committee to act as such committee, and the written consent of the persons offered as sureties to become such sureties; —to the end, that on the coming in of the report, such order may be made as to the court shall seem meet and proper respecting the acceptance of the resignation of the present committee, and the appointment of the person nominated by the referee, and respecting the payment over to the new committee of such property of the lunatic as shall be in the hands of the present committee, and of any claim owing by the present committee to the lunatic or her estate, and respecting the payment by the new committee to the present committee, of any sum due by said lunatic or her estate to the present committee.

Samuel Jones is appointed referee for this purpose.