CITIZENS' SAVINGS BANK, RESPONDENT, *v.* MORITZ BAUER AND OTHERS, APPELLANTS, IMPLEADED, ETC.

*Order to show cause, proper on an application for judgment by default — Code of Civil Procedure, secs.* 780, 1219 — *order to compute amount due in foreclosure should not direct judgment and an extra allowance.*

In an action, brought to foreclose a mortgage, no answer or demurrer having been interposed, the plaintiff obtained an order to show cause returnable in three days, and on the return day thereof, an order appointing a referee to compute the amount due, and further directing " that upon the coming in of the report of the said referee the same be confirmed and the plaintiff have the usual judgment of foreclosure and sale, with costs, and an extra allowance without further notice," although the granting of such order was opposed by certain of the defendants, who had appeared generally in the action.

*Held,* that the order to show cause was properly made, under section 780 of the Code of Civil Procedure, and that the claim that an application for judgment, under section 1219 of the Code, did not fall within the provisions of section 780, because special provision is made in section 1219 as to the length of notice which is requisite, could not be maintained.

That that portion of the order which provided that the referee's report should be confirmed and the plaintiff have an extra allowance without further notice was not proper; that, as the court could not know in advance what would be the contents of the report, the direction that it should be confirmed, made before the report was made, was an improper exercise of judicial authority.

That it was also objectionable, on principle, to order an extra allowance before the amount upon which that allowance was to be computed had been fixed and determined; that, at all events, such action on the part of the court could not be sustained as against an objection properly taken thereto.

APPEAL from that part of an order of reference to compute the amount due in a foreclosure suit which directed that, upon the coming in of the report, the same be confirmed, and that plaintiff have the

usual judgment of foreclosure and sale, with costs, and an extra allowance without further notice.

*Benno Loewy*, for the appellants.

*Emil S. Arnold*, for the respondent.

BARTLETT, J.:

This was an action to foreclose a mortgage. No answer or demurrer having been interposed by any of the parties, the plaintiff obtained an order returnable in three days, requiring the defendants who had appeared to show cause why there should not be a reference to compute the amount due, and why, upon the coming in of the referee's report the plaintiff should not have the usual judgment of foreclosure and sale without further notice, together with an extra allowance.

Upon the return of this order to show cause, the defendants Bauer, who had appeared generally in the action and demanded service of all papers, opposed the motion. The court, however, appointed a referee to compute the amount due and ordered further "that upon the coming in of the report of the said referee the same be confirmed and the plaintiff have the usual judgment of foreclosure and sale, with costs and an extra allowance without further notice."

On the present appeal these defendants complain of the portion of the order above quoted and insist, first, that the notice was insufficient, inasmuch as they were entitled to at least eight days' notice of the time and place of the application for judgment under section 1219 of the Code of Civil Procedure; and, secondly, that there was no authority in the Special Term to grant an extra allowance without specifying the amount allowed.

We do not think the first point is well taken. Section 780 of the Code provides that where special provision is not otherwise made by law, or the general rules of practice, a notice of motion must, if personally served, be served at least eight days before the time appointed for the hearing, unless the court or a judge thereof, upon an affidavit showing grounds therefor, makes an order to show cause returnable in less than eight days. It is argued that an application for judgment, under section 1219, does not fall within the purview

of section 780, because special provision is made by law in section 1219 as to the length of notice which is requisite. We think, however, that the phrase "where special provision is not otherwise made by law," in section 780, refers only to such special provisions as prescribe a shorter notice than eight days. It is a qualifying clause in a sentence, the main purpose of which is to declare that a notice of at least eight days shall be given. The meaning of this portion of the section is that a notice of at least eight days shall be given, except in cases where the law especially provides for a shorter notice. It would be needless to provide for a notice of at least eight days in cases where the law already provided for a longer notice. It was, therefore, competent for the judge who granted the order to show cause in this case, to shorten the notice of the application for judgment.

That portion of the order under review, however, which provides that the referee's report shall be confirmed, and that the plaintiff have an extra allowance without further notice, is justly open to criticism. No court can be certain in advance what will be the contents of a referee's report, and to direct that it shall be confirmed before it is made is to go beyond the competent exercise of judicial authority. The question of the propriety of its confirmation cannot be intelligently determined until it is laid before the court. It also seems objectionable on principle to order an extra allowance before the amount upon which that allowance is to be computed has been fixed and determined, and without giving any direction as to the percentage to be awarded. If any force is to be given to the provisions in question, they amount to a determination that when the referee's report and the proposed decree in foreclosure shall hereafter be presented to the court (whether held by the same judge or another), the report *must* be confirmed and an extra allowance *must* be inserted in the decree, without giving the defendants, who are entitled to notice of all proceedings in the action, any opportunity to be heard as to whether the report is correct, or as to the amount of the additional allowance. The respondent states that this is the usual practice in foreclosure suits, but he probably has in mind only those cases in which no objection is made.

At all events, we do not see how it can be sustained against objection properly taken. There is no authority thus to control the

future action of the court, in respect to facts not yet ascertained, or thus to deprive of notice parties entitled to notice under the statute.

In attempting to do this the order before us affects a substantial right of the defendants, which authorizes them to prosecute this appeal. We think they ought to prevail, and that those portions of the order appealed from should be reversed, with costs.

VAN BRUNT, P. J., and BRADY, J., concurred.

Order reversed, with costs.