In the Matter of the Application of WILLIAM BAYARD CUTTING to be Discharged as Trustee under the Last Will and Testament of CHARLES KENNEDY HAMILTON, Deceased.

GEORGE B. MORRIS, Guardian ad Litem for ELEANOR MARGARETTE HAMILTON, Appellant; WILLIAM BAYARD CUTTING, Petitioner, Respondent.

*A motion is the only method of obtaining a hearing in a special proceeding — review of the discretion to shorten the notice — resignation of a trustee — proof required as to the reason therefor.*

Rule 37 of the General Rules of Practice, providing that all questions for argument and all motions made at Special or Trial Terms shall be brought before the court on a notice of eight days, unless a shorter time is prescribed by an order to show cause under section 780 of the Code of Civil Procedure, prescribes the only method of bringing on a hearing in a special proceeding of which the court has already taken jurisdiction.

The determination of the question whether sufficient ground exists for prescribing a notice of less than eight days rests in the discretion of the court, and unless it is quite clear that such discretion has been abused or that some special injustice has resulted, the appellate court will be loath to disturb the exercise of such discretion by the court below.

The resignation of a testamentary trustee will not be accepted as a matter of course, and where the allegations of his petition are put in issue by the guardian *ad litem* of an infant *cestui que trust* it is error to accept such resignation without requiring him to make proof of the facts alleged in his petition.

APPEAL by George B. Morris, as guardian ad litem for Eleanor Margarette Hamilton, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 3d day of January, 1900, accepting the resignation of the petitioner as trustee under the last will and testament of Charles Kennedy Hamilton, deceased.

*Morris A. Tyng,* for the appellant.

*George Zabriskie,* for the respondent.

RUMSEY, J. :

In the month of August, 1898, the trustee presented to this court his petition asking for leave to resign as such for reasons therein stated. An order to show cause was granted, prescribing the manner of the service to be made upon those persons shown by the petition to have an interest in the trust estate. The proceeding came on to be heard and resulted in an order granting the prayer of the petitioner. From that order an appeal was taken to this court and it was reversed with leave to the petitioner to renew the application upon the petition and the order to show cause. The order of reversal was made at the March term, 1899. It does not appear that any further proceedings were taken in the matter until the 6th of June, 1899, when the court, upon the application of Eleanor Margarette Hamilton, the principal *cestui que trust,* made an order appointing George B. Morris her guardian *ad litem* in this proceeding, after which, on the 15th day of November, 1899, the trustee procured an order to show cause, returnable in less than eight days, why the prayer of the petition should not be granted. This order directed the manner of its service upon those persons who appeared to be the necessary parties in the proceeding, and service was made as so prescribed.

At the hearing objection was made to the jurisdiction of the court, for the reason that the order to show cause did not comply with rule

37, because it failed to state any reason why the hearing should be brought on in less than eight days. In addition to this objection, the guardian *ad litem* of the *cestui que trust* filed an answer which he insists puts in issue various allegations of the petition. The court overruled the objection taken to the jurisdiction, holding that the justice who granted the order to show cause had authority so to do, and, without passing upon the questions raised by the answer of the infant *cestui que trust*, granted the prayer of the petitioner and accepted his resignation as trustee, and appointed a referee to settle his accounts. From this order the guardian *ad litem* of the infant *cestui que trust* appeals. None of the other persons who appeared at the Special Term has appealed, and the questions presented here, therefore, are only such as concern the interest of the infant *cestui que trust*, who is the principal beneficiary, being entitled to all of the income of the estate during her life.

The first point made by the appellant is that the court had no jurisdiction in this matter so far as she was concerned. In the original order to show cause dated in August, 1898, directions were given as to the mode of its service upon the infant who was at that time just over fifteen years of age, and the service was made in accordance with that direction. Subsequently the infant applied to the court for the appointment of the guardian *ad litem* to represent her in these proceedings, and such appointment was made in June, 1899. At that time the first order accepting the resignation of the trustee had been reversed and the proceeding stood for further hearing upon the original order to show cause. The court, then, had jurisdiction not only of the subject-matter of the proceeding but of the person of the infant *cestui que trust*, and when the guardian *ad litem* had been appointed for her in a proper manner, as was done, that jurisdiction became complete, so that the court was at liberty to proceed in the matter.

The appellant further objects to the order to show cause which was made returnable in less than eight days, because sufficient grounds were not shown for it. Rule 37 of the General Rules of Practice applies not only to motions, but to all matters for argument which are to be brought on at Special Term, and fixes the time of the notice required, unless a shorter time should be prescribed by the judge or court under section 780 of the Code of Civil Procedure.

While it is quite true that that section, by its terms, applies only to an action and does not include a special proceeding, yet rule 37 includes all motions and questions for argument at Special or Trial Terms and is not confined to actions, but includes special proceedings within its terms, and it prescribes the only rule which exists for bringing on a hearing in a special proceeding of which the court has already had jurisdiction. We think, therefore, that all motions in these proceedings must be brought on for hearing upon the notice required by rule 37, and that if it is necessary to bring them on in a shorter time than that fixed in the rule, such an order to show cause as is prescribed in section 780 may be granted under the authority of the rule upon an affidavit showing grounds therefor. Whether sufficient grounds exist for such an application lies for determination in the discretion of the court to whom it is made, and unless it is quite clear that such discretion has been abused, or that some special injustice has resulted from the order, an appellate court would be loathe to overrule his discretion. Upon the application for this order there were before the judge not only the petition then made, but the petition on the former application, which showed, in our judgment, a sufficient reason for shortening the time of the notice for this hearing, and the learned trial justice at the Special Term was, therefore, correct in overruling this objection.

But we do not think that it was proper practice to accept the resignation of this trustee without requiring him to make proof of the facts alleged in his petition. By section 92 of the Real Property Law (Gen. Laws, chap. 46), it is provided that the Supreme Court has power, subject to the regulations established for the purpose in the General Rules of Practice, on his application by petition or in an action, to accept the resignation of a trustee on such terms as may be just. The statute permits a trustee to obtain his discharge either by petition or by action, but the same rules apply with regard to the proof of the allegations he makes, whether he has made his application by petition, and they are set forth in it, or by an action, and they are stated in a complaint. In either case the resignation, if accepted, must be upon such terms as are just. But the acceptance of the resignation of a trustee is not a matter of course. Unless he shows some good reason the court will not discharge him. (*Craig v. Craig*, 3 Barb. Ch. 77.)

It is necessary in every case that the facts constituting a sufficient reason for accepting his resignation be established. The mere allegations of the petition are not sufficient for that purpose, especially when there is an infant *cestui que trust*. Such allegations have no greater force than have the allegations of a complaint, and if such were the pleading upon which this proceeding was based, there is no doubt but that the court should take proof, as it should in every case where equitable relief is asked, whether the party is an infant or an adult.

But in this case the allegations of the petition are denied, and the guardian *ad litem* insists that no sufficient reason exists for the granting of the relief. The denial is sufficient in form. When a trustee elects to make his application by petition, its allegations do not establish the truth of the facts set out in it, but simply give to the court the reasons upon which he proposes to proceed to obtain his relief. For all practical purposes it is a complaint. When, therefore, a *cestui que trust*, being brought into court, denies the facts and the allegations of the petition, he has made an issue and is entitled to have common-law proof made of the facts set out in the petition and to have an opportunity to meet that proof and answer it if he can. This is the rule whether the defendant be an infant appearing by guardian *ad litem* or an adult who opposes the granting of the relief asked by the trustee. In the case of *Reed* v. *Allerton* (3 Robt. 551) the Supreme Court had accepted the resignation of a trustee and discharged him from his trust *ex parte* upon his application merely. It appeared, however, by the petition that all of the *cestuis que trust* had been paid what they were entitled to under the trust deed and that they had no further interest in the matter. The question presented to the court was whether the Supreme Court had jurisdiction to discharge the trustee upon that petition, and it was held that so far as the mere question of jurisdiction was concerned the court had by virtue of the statute full power to act when the petition had been presented. But the court say that the better practice sanctioned in such cases seems to be to order a reference to inquire into the facts and circumstances under which the resignation is offered, citing the case *Matter of Miller* (15 Abb. Pr. 277).

In that remark we fully concur. Not only is it the better prac-

tice in our judgment, either for the court to take proof of the facts alleged in the petition or to send the matter to a referee, but the cases, if they exist, are very rare where the court should undertake to accept the resignation of a trustee without requiring proof of the facts and circumstances surrounding the transaction so that it may be assured, not only that sufficient grounds exist for accepting the resignation, but that it may be able to determine what terms are just before granting the discharge. We think, therefore, that it is error in cases where a *cestui que trust* is an infant or where the allegations of the petition are not admitted by an adult *cestui que trust* not to require such proof. The court below erred, therefore, in granting this petition without taking proof in face of the objections of the guardian *ad litem.* For this error the order should be reversed and the matter should be sent back to the Special Term either to take proof of the facts stated in the petition, or to appoint a referee for that purpose, with costs to the appellant to abide the event.

Van Brunt, P. J., Patterson, O'Brien and Ingraham, JJ., concurred.

Order reversed and matter sent back to Special Term either to take proof of facts stated in petition, or to appoint a referee for that purpose, with costs to appellant to abide event.