BEACH SEVENTIETH STREET HOLDING CORPORATION, Plaintiff, *v.* BEACHLAND, INC., and Others, Defendants.

Supreme Court, Special Term, Queens County, June 17, 1936.

*Samuel Marion*, for the plaintiff.

*Meyer Blumberg* [*Bertram Surnamer* of counsel], for the defendant.

RIEGELMANN, J. This is a motion by the defendant Beachland, Inc., for an order vacating and setting aside the report of the referee and the judgment of foreclosure and sale entered herein on March 2, 1936, and for such other relief as the court may deem just and proper.

The action is to foreclose a mortgage in the sum of $35,000, maturing November 1, 1931, subsequently extended to October 1, 1934. Defendant Beachland, Inc., having defaulted in making the required payments, the foreclosure action was instituted on or about September 2, 1935.

On February 17, 1936, the plaintiff made a motion herein for a reference to compute the amount due on the bond and mortgage. Notice of this motion was served on the defendant Beachland, Inc. The motion was granted by an order duly made February 25, and duly entered on February 26, 1936. Reference will be made hereafter to the language used in the notice of motion and the order granted thereon.

This order was served on defendant on February 26, 1936. On the same day the defendant's attorney was served with a so-called "summons to attend before referee in foreclosure."

This referee's summons on the following day was returned with an indorsement thereon to the effect, in substance, that sufficient notice of the hearing had not been given to the defendant and that it did not comply with the provisions of the Civil Practice Act and the Rules of Civil Practice.

Nevertheless, the referee proceeded to make the computations. His report was duly confirmed and judgment of foreclosure and sale was granted on or about March 4, 1936, and duly entered on March 7, 1936, without further notice to the defendant. This is the report and judgment which the defendant moves to vacate and set aside.

I shall first consider the motion to vacate the judgment. This motion is based primarily upon the ground that no notice of the application therefor was given to the defendant.

Rule 257 of the Rules of Civil Practice, among other regulatory provisions, permits an application to the court *on due notice* for judgment in a foreclosure action where the defendant has not interposed an answer and where there is no answer denying any material facts. This rule on its face requires an application to the court, and it specifically requires that the application shall be upon due notice, but does not specify the period of the notice. Rule 190 provides that where a defendant, against whom judgment may be taken on an application to the court, has appeared generally but has made default in pleading, he is entitled to at least five days' notice of the time and place of the application for judgment. This latter provision, in my opinion, is generic in character and prescribes the minimum notice that must be given to a defendant in every case where he has appeared generally and where application may be made to the court for judgment against him. Accordingly, the defendant Beachland, Inc., was entitled to at least five days' notice of the application to the court for judgment. But, as I view the matter, Beachland, Inc., never received any notice whatever of the application for judgment. The motion herein for a reference to compute cannot be deemed an application to the court for judgment, and the order entered upon that motion cannot be deemed to be an order granting such application. The phraseology employed both in the notice of motion and in the order entered thereon precludes a holding to that effect. The applicable portion of the notice of motion reads: " and that it be referred to some suitable person to compute the amount due to the plaintiff on the bond and mortgage recited in the complaint and amended complaint, and upon the coming in of said referee's report, that plaintiff may apply for judgment of foreclosure and sale as prayed for in the complaint in this motion, *without further notice*."

The order entered on this motion reads, in part, as follows: " Ordered that it be and it hereby is referred to Gustave Wm. Wieboldt, Esq., to compute and ascertain the amount due plaintiff for principal and interest on the bond and mortgage described in the complaint and amended complaint; * * * and on the coming in of such report that plaintiff may apply for the confirmation thereof and for judgment of foreclosure and sale as prayed for in the complaint, *without further notice*."

It will be noted that the provisions in the notice of motion and order, in substance, are to the effect that upon the happening of a future event, to wit, the coming in of the referee's report, the

plaintiff may then at some time in the future apply for the confirmation thereof and for judgment as prayed for in the complaint, without further notice.

With respect both to the confirmation of the report and the application for judgment, the language employed in the notice of motion and in the order contemplates future action and precludes a holding that the motion was a present application for a judgment or that the order granted a present application for such relief. It follows that the defendant Beachland, Inc., never received any notice of application for judgment. It was entitled to such notice. (Rules Civ. Prac. rules 190, 257; *Mahnk* v. *Blanchard*, 233 App. Div. 555, 557; *Citizens' Savings Bank* v. *Bauer*, 49 Hun, 238.)

The *Mahnk* case involved an order appointing a referee to compute, which contained a further provision, that upon the coming in of the report the plaintiff should have the usual judgment of foreclosure and sale " without further notice to any of the defendants." The court wrote as follows: " On March 17, 1931, such judgment was granted without the knowledge of the appellant, notwithstanding the provisions of rule 190 of the Rules of Civil Practice, which provides that a defendant, who has appeared generally, but who has made default in pleading, is entitled to at least five days' notice of the time and place of the application for the judgment of foreclosure and sale."

The appellate court in that case further held, in substance, that the appellant, having appeared and demanded notice of all proceedings, was entitled to " advance information " of the application for judgment, and that the court below was without authority to insert in the order of reference the provision giving plaintiff the usual judgment of foreclosure and sale without further notice. The court's final conclusion was that the judgment of foreclosure and sale having been " improvidently and improperly " granted, the motion to vacate and set it aside should have been granted. Similar views are expressed as to a substantially similar provision in *Citizens' Savings Bank* v. *Bauer* (*supra*). There is no substantial distinction between the two provisions of the two cases cited and the provision here involved. In those cases the provision was that judgment might be had without further notice. In the present case the provision is that application may be made for judgment without further notice. The latter provision, equally with the former, is effective to deprive the defendant of the notice to which it is entitled. The motion to vacate the judgment is granted.

The motion to vacate the report of the referee is based upon two grounds: *First*, that the plaintiff did not give five days' notice of the hearing before the referee; *second*, that the hearing was held in

New York county instead of Queens county, where the action is pending.

As to the first ground: I know of no statute which prescribes the length of the notice that should be given of the hearing before a referee to compute. Such a notice is not a notice of motion and is not governed by the rules relating to motions. Irrespective of its general appearance in the action, Beachland, Inc., might have required a five' days' notice of the hearing by serving the notice specified in subdivision 2 of rule 190. Not having done so and in the absence of any period prescribed by statute, I am of the opinion that the three days' notice of the hearing was sufficient.

As to the second ground: Rule 191 contains a provision reading, "When a reference or writ of inquiry shall be ordered, the same shall be executed in the county in which the action is triable, unless the court shall direct otherwise." This provision specifies no exceptions. In my opinion, therefore, it is generic in character and applicable to every reference authorized by law or practice. In the present case the venue was laid in Queens county, defendant's attorney had his office in Brooklyn, and the plaintiff's attorney had his office in Manhattan. The referee summoned the defendant to appear on the reference at the office of plaintiff's attorney in the borough of Manhattan. It may be that such a reference is usually executed at the office of plaintiff's attorney, which is usually located in the county where the venue is laid. It is probable also that the time and place of the hearing before the referee is generally the subject of friendly arrangement between counsel, but customary practice and usage are not determinative of defendant's rights under statutory provisions.

It follows that the report of the referee should be vacated.

I am mindful of plaintiff's assertion that the present motion is made for the purpose of delay. Nevertheless, defendant is entitled to insist upon its statutory rights. Moreover, it is to plaintiff's advantage to correct any irregularity in practice before it ripens into a defective title.

Motion granted. Settle order on notice.