MORTGAGE COMMISSION OF THE STATE OF NEW YORK, Plaintiff, *v.* ROSINA BELLUCCI and Others, Defendants.

Supreme Court, Queens County, August 14, 1936.

*Benjamin J. Rabin* [*John S. Arcana* of counsel], for the plaintiff.

*Louis C. Duro*, for the defendant Rosina Bellucci.

*Abraham J. Halprin* [*Irving Barry* of counsel], for Marcel Levy, trustee, who received deed from Mortgage Commission.

HOOLEY, J. Motion to vacate and set aside referee's report of amount due in a foreclosure action upon the ground that the hearing was held in New York county instead of Queens county, where the action was triable, contrary to the provisions of rule 191 of the Rules of Civil Practice.

It appears that the action has proceeded to judgment of foreclosure and sale, a sale has been had at which plaintiff became the purchaser and that by deed dated July 16, 1936, the premises were conveyed

to Marcel Levy, as trustee, who makes this application. The plaintiff intervenes upon the motion in the capacity of *amicus curiæ*.

It appears that on March 7, 1936, a summons to attend the hearing before said referee was served upon the owner's attorney, the hearing to be held at the office of the attorney for the plaintiff at No. 346 Broadway, borough of Manhattan, city of New York. The defendant owner did not appear at the hearing, return the summons or make objection of any kind to the place of the hearing.

Thereafter due notice was served upon the attorney for defendant owner of the filing of the referee's report and that a motion would be made for an order confirming the same and that the usual judgment of foreclosure and sale would be asked for. Defendant owner did not appear in opposition to this motion and raised no objection thereto. Judgment of foreclosure and sale was duly entered March 30, 1936. The referee appointed to sell in the judgment proceeded to advertise in accordance with law. A copy of the notice of sale was served on defendant owner's attorney on May 14, 1936. Sale was held on June 2, 1936. Defendant owner made no objection at the sale. Plaintiff purchased at the sale for $18,000. Referee's deed was delivered to plaintiff July 2, 1936.

The defendant relies upon the decision in *Beach Seventieth St. Holding Corp.* v. *Beachland, Inc.* (161 Misc. 445). But there are distinguishing features between the facts in that case and those in the case at bar. There the referee's summons to attend the hearing was returned on the following day to plaintiff's attorney by defendants' attorney with an indorsement thereon to the effect that it did not comply with the Rules of Civil Practice. Thus, in that case, timely objection was made. There no notice was given to confirm the referee's report of amount due, and the judgment of foreclosure and sale was obtained and entered without notice. In this case notice of confirmation was given and defendant made no objection. In that case no sale was had before defendant moved to vacate the report of the referee. Here, defendant owner stood idly by, after receiving notice of motion to confirm the referee's report of amount due and notice of sale. She did not object on the date of sale and made no move until after the referee's deed was delivered to plaintiff and premises were conveyed by plaintiff to another corporation and by said corporation to this moving party. In the *Beachland* case timely objection was made to the procedure and defendant moved speedily to compel compliance with the Rules of Civil Practice. The court there had no option except to compel obedience to the rule, if the Rules of Civil Practice are to mean anything.

The court is of the opinion that the failure to comply with the rule is not a jurisdictional defect but that it was a mere irregularity which should have been corrected if timely objection had been made and which could have been and was waived by the repeated failures of the defendant to object.

This defendant has not been prejudiced in the slightest degree by the holding of the reference in New York county. It is not claimed that the computation is in any manner incorrect. In fact, in the moving papers the defendant owner admits that delay is one of the objects of the motion.

Section 105 of the Civil Practice Act provides, among other things, that if a substantial right of any party shall not be thereby prejudiced, a mistake, omission, irregularity or defect *must* be disregarded.

In *Valz* v. *Sheepshead Bay Bungalow Corp.* (249 N. Y. 122, 132) an order was made permitting service of summons by publication in an action to foreclose a mortgage and the order designated specifically the two newspapers in which such publication was to be made. Publication of the summons was had in one of the newspapers other than that specified in the order. This matter affected a very vital matter, the obtaining of jurisdiction over non-resident defendants. Yet the court in that case held that the departure was a mere irregularity.

Under rule 191 of the Rules of Civil Practice the court was expressly given power to direct the reference to be held in New York county. The court may now correct or disregard the irregularity. The defendant owner has waived its right to object. Motion denied.