GERTRUDE SHULOCK, Plaintiff, *v.* RAMON F. SCOTT et al., Copartners Doing Business under the Name of F. SCOTT & Co., Defendants.

Supreme Court, Special Term, Kings County, August 30, 1948.

*John J. Leighton* for Francisco Rocaberti, claimant.

*Joseph Sachter* for plaintiff.

BELDOCK, J. Claimant, Francisco Rocaberti, a resident of Havana, Cuba, makes this application by petition of his attorney for an order directing the sheriff of the City of New York to deliver forty shares of preferred stock of the Cuba Company alleged to be claimant's property. These forty shares were

allegedly part of ninety shares of preferred stock of the Cuba Company which were claimed to have been levied upon by a warrant of attachment in favor of plaintiff, issued out of this court on July 17, 1948. The stock is claimed to be in possession of J. R. Williston & Co. of New York City and held as the property of defendants.

A return was made to the sheriff by J. R. Williston & Co. to the effect that it had two lots of stock in its possession which were being held free of debt in an omnibus account for the defendants herein. However, the claimant alleges that he was and is a customer of the defendants, a stock brokerage firm doing business in the city of Havana, Cuba, and that included in said levy were the forty shares of stock belonging to him free of any debt. Claimant further alleges that the defendants authorized Williston & Co. to deliver said forty shares to him pursuant to a certification dated June 10, 1948, and a cable of authorization dated June 17, 1948; that on July 27, 1948, a demand was made for the return of the said forty shares, and that Williston & Co. refused to deliver these shares by reason of the levy made by the sheriff under the warrant of attachment.

Opposing this application, plaintiff contends in the first instance that the matter is not properly before the court in view of section 924 of the Civil Practice Act which provides that where it is sought to direct the return of property levied under a warrant of attachment '' The application must be made on at least five days' notice to the sheriff and to the plaintiff, and to the defendant if he has appeared in the action.'' In the instant case, the application was instituted by order to show cause on only two days' notice.

The second objection raised deals with the claim that the forty shares were part of ninety shares in an omnibus account; that there is no adequate legal proof to support the claim of title by claimant to the said forty shares, and that there is no specific identification of the shares as the property of the claimant.

It has been urged that should the court rule against the claimant on the second objection, nevertheless an opinion be expressed upon the jurisdictional objection inasmuch as it has occurred in other instances of similar nature. Accordingly, this court will first dispose of the question as to whether sufficient notice was given.

While section 924 of the Civil Practice Act requires the making of an application of this nature on at least five days'

notice, I do not agree with the objection here raised that this requirement is mandatory and cannot be reduced by the court if sufficient reason is shown. (Rules Civ. Prac., rule 60.) That rule provides: "Rule 60. *Time of notice of motion.* Unless otherwise provided, notice of a motion in an action or proceeding must be served at least eight days before the time named for the hearing, except where attorneys for the several parties have their offices in the same city, or village, when notice of five days may be given. But, the present state of the action or proceeding and sufficient reason therefor being shown by affidavit, an order to show cause, to bring on a motion, *may be granted by a court, or judge, returnable in a less time than hereinbefore named* and directing when and how the same shall be served." (Italics mine.) I hold that this rule is applicable in the instant case.

Rule 60 is similar in effect to section 780 of the former Code of Civil Procedure. Section 780 at that time provided: "§ 780. *Notice of motion, to be eight days.* Where special provision is not otherwise made by law, or by the general rules of practice, if notice of a motion, or of any other proceeding in an action, before a court or a judge, is necessary, it must, if personally served, be served at least eight days before the time appointed for the hearing; unless the court or a judge thereof, or a county judge of the county where the action is triable or in which the attorney for the applicant resides, upon an affidavit showing grounds therefor, makes an order to show cause, why the application should not be granted; and, in the order, directs that service thereof, less than eight days before it is returnable, be sufficient."

The very same question presented here was raised in construing section 1219 of the old Code of Civil Procedure which required at least eight days' notice of the time and place of an application for judgment. In *Citizens' Sav. Bank* v. *Bauer* (49 Hun 238) the court held that section 780 of the old code empowered it to shorten the notice of such application notwithstanding the seeming rigid requirements of eight days' notice therein provided. The court said (p. 240): "We think, however, that the phrase 'where special provision is not otherwise made by law,' in section 780, refers only to such special provisions as prescribe a shorter notice than eight days. It is a qualifying clause in a sentence, the main purpose of which is to declare that a notice of at least eight days shall be given. The meaning of this portion of the section is that a notice of at least eight days shall be given, except in cases where the

law especially provides for a shorter notice. It would be needless to provide for a notice of at least eight days where the law already provided for a longer notice. It was, therefore, competent for the judge who granted the order to show cause in this case, to shorten the notice of the application for judgment.''

Of similar import are the cases of *Matter of Cutting* (49 App. Div. 388) and *Matter of Standard Coated Products Corp. (Bazar)* (183 Misc. 736). (See, also, 1 Carmody on New York Pleading and Practice, § 366, pp. 522–523.)

In the case at bar, claimant's supporting affidavit states that immediate possession of the stock is required because of a prospective sale and it, therefore, appears that sufficient reason had been shown for a shorter notice by way of an order to show cause.

While the objection as to jurisdiction is untenable, this court finds that a sharp dispute is presented as to whether the claimant has established his right to the possession of the stock.

The return made by Williston & Co. discloses that two lots of stock are being held free of debt in an omnibus account for the defendant, F. Scott & Co.

After argument of this motion plaintiff submitted in reply a number of affidavits including one signed by a member of the firm of J. R. Williston & Co. It was therein stated that one of the two lots referred to in the return to the sheriff consists of ninety shares of preferred stock of the Cuba Company. It was further stated that Williston & Company held a certification signed by two members of the firm of F. Scott & Co. dated June 10, 1948, listing petitioner-claimant as the owner of forty shares of said stock.

A translation of the certificate of June 10, 1948, is attached to the reply papers wherein the names of the shareholders and number of shares held for each is set forth (including claimant Francisco Rocaberti for forty shares).

While this presents some proof supporting movant's claim of ownership, it nevertheless is insufficient to warrant the granting of this application. It appears from the affidavit of plaintiff's attorney that members of defendants' stock brokerage firm have been charged in Cuba with gross dereliction and are fugitives from justice. The claimant and defendants are all residents of Cuba. The certification of June 10, 1948, is an unverified and uncorroborated statement. The only other proof as to title is contained in a power of attorney from the movant to John J. Leighton, Esq. Leighton's affidavit upon which this

motion is made is not based on personal knowledge. The power of attorney is unverified and unsupported by documentary proof. While there is attached a certificate of acknowledgment issued by the United States Vice-Consul at Havana, Cuba, such is merely an acknowledgment of the signing of the power of attorney by Rocaberti.

All of the above fails to meet the requirements of legal proof. Moreover there is no adequate identification of the specific forty shares claimed to warrant plenary disposition. The matter of title to the forty shares should not be disposed of summarily on affidavits. (*Delinda* v. *Abegg,* 177 Misc. 265, 267, affd. 262 App. Div. 999.)

The application to direct delivery of the stock to the claimant is denied. Plaintiff has presented sufficient facts to entitle him to a hearing to try the question of title to said property.

Settle order on notice, providing therein for a trial of the issues at Trial Term or before an official referee, pursuant to section 924 of the Civil Practice Act.