Charles J. Beckinella, J.
This is a motion, inter alla, to vacate a judgment in the sum of $7,734.50, entered after an *898 inquest. Until his attorneys made this motion the defendant never appeared in the action.
The papers in the file of this action disclose that substituted service of the summons and complaint was made on the defendant. Service was complete on March 25, 1962, 10 days after the requisite papers were filed (former Civ. Prac. Act, § 231). Accordingly defendant, who never responded to the summons and complaint, was in default on or about April 16, 1962.
Thereafter, on December 28, 1962, at Special Term, Part II, of this court, an order was signed ordering an inquest. Defendant was entitled to no notice of plaintiff’s application for this order. (See Rules Civ. Prac., rule 190.) The inquest was held on September 11, 1963, 8 months after it was ordered and almost 17 months after the defendant was first in default.
Whether or not the judgment obtained in this action is to be vacated depends on whether the defendant was entitled to notice of the inquest taken on September 11, 1963. Section 3215 CPLR contains provisions which relate to default judgments. Subdivision (d) of that section states that an application for a default judgment “ may be made, * * * by motion at any trial term in which the action is triable or at any special term in which a motion in the action could be made.” Subdivision (f), same section, states: “ if application must be made to the court * * * and if more than one year has elapsed since the default any defendant who has not appeared is entitled to the same notice unless the court orders otherwise.”
It was a consequence of a recommendation contained in the Thirteenth Annual Report of the New York Judicial Council (1947, pp. 213-229) that rule 190 of the Rules of Civil Practice was amended so as to require that notice of an application for a default judgment be given to a defendant who has not appeared, if more than one year has elapsed since the default in appearing.
On page 216 of the 1947 Report, cited above, it is stated: “ The same considerations which make it necessary to prevent the plaintiff from unduly delaying the proceedings after issue has been joined apply also to undefended actions. The policy of repose underlying the statute of limitations would be defeated if a plaintiff were permitted to postpone action in a default case and thus create an indefinite hiatus in the proceedings.”
In the instant matter plaintiff’s attorney contends that the application for judgment was made on December 28, 1962 when the application for an inquest was made to Special Term, Part II. The argument is that no notice to the defendant was required then since it was within a year of the default, and *899 no notice of the September, 1963 inquest had to be given defendant since the application for the inquest had been made within one year of the defendant’s default.
It is obvious that if plaintiff’s contention is sustained an opportunity would be provided, in every case where defendant has defaulted in appearing, to create an “ indefinite hiatus in the proceedings ”. In the instant action plaintiff could have waited indefinitely to enter his judgment — if his contention is sustained. This is just what rule 190, now subdivision (f) 3215 Civil Practice Law and Buies sought to prevent.
Accordingly, the default judgment is vacated for the reason defendant received no notice of the September, 1963 inquest.
Defendant’s application, made pursuant to subdivision (c) 3215 Civil Practice Law and Buies, to dismiss the complaint is denied. Sufficient cause is shown in the papers before the court to warrant denial of this aspect of the motion.
That aspect of the motion which contends that the “ Summons and Complaint was not served in compliance with sections 225, 230, and 231 of the Civil Practice Act ’ ’ is denied.
The plaintiff shall serve a copy of the complaint on defendant’s attorney within 10 days after defendant serves a copy of the order to be entered hereon, with notice of entry. Service of the answer shall be made within the usual 20 days after service of the complaint.