OPINION OF THE COURT
Thomas Aloi, J.
Defendant Sifer has moved to vacate a default judgment on the sole ground that judgment was entered more than one year after default without giving defendant the five-day notice set forth in CPLR 3215 (subd [f], par 1).
On this motion, plaintiff submitted uncontradicted proof that neither defendant nor his insurance carrier intended to appear and contest this action or the entry of default judgment following inquest. Indeed, defendant told plaintiff’s counsel that defendant would take no steps whatsoever to defend the action and that if default judgment was entered against him, plaintiff could “stand in line”, presumably, behind numerous other creditors. The insurance carrier repeatedly disclaimed defense and indemnification of this claim when approached by plaintiff’s counsel seeking settlement.
*364 The court is cognizant of the rationale set forth when the predecessor statute to CPLR 3215 (subd [f], par 1) was amended in 1947 (13 NY Jud Council Rep 215 et seq.; Advisory Committee on Prac and Procedure, First Preliminary Report, 1957, p 93 et seq.; Pruna v Giacobbe, 42 Misc 2d 897, 898, affd 24 AD2d 735). However, the leading treatise on New York civil practice states what would appear to be the better rule: “While New York cases have stated that a default judgment entered without proper notice must be vacated since failure to give such notice deprives defendant of a substantial right, examination of these cases indicates that in most of them the defendants had substantial ground for objection to the judgment apart from the notice defect. It would seem that the lack of such notice should not amount to a fatal defect in a case where defendant has neither a meritorious defense nor another objection that he can assert to the entry of a default judgment if the one entered without notice is vacated” (4 Weinstein-Korn-Miller, NY Civ Prac, par 3215.34).
Here, adequate showing has been made by plaintiff that neither defendant nor his insurance carrier was likely to respond to a five-day notice, had it been sent (Multari v Glalin Arms Corp., 28 AD2d 122, 125, app dsmd 23 NY2d 740). Neither has defendant indicated that he has any meritorious defense or any proof to offer in reduction of damages (see CPLR 5015; 4 Weinstein-Korn-Miller, NY Civ Prac, par 3215.34; Back v Stern, 23 AD2d 837). To allow opening in this case would merely (on these papers) delay judgment (see Beach Seventieth St. Holding Corp. v Beachland, Inc., 161 Misc 445, 449). Here, the default was willful, not due to a misunderstanding (cf. Matter of Raichle, Moore, Banning & Weiss v Commonwealth Fin. Corp., 14 AD2d 830; but note that case also alleged a meritorious defense). The rationale for the five-day notice rule (Pruna v Giacobbe, 42 Misc 2d, supra, at p 898, affd 24 AD2d 735) would not be offended by denying vacatur in this case, since plaintiff took further steps (beyond mere service of a summons and complaint) to obtain a response from the defendant and his insurance company, since the default judgment was entered within the Statute of Limitations time period and since the uncontroverted proof was that *365 neither defendant nor his insurance carrier would have deigned to intervene to prevent the obviously inevitable entry of the default judgment. For only the above reason, defendant’s motion to vacate the default judgment should be denied (cf. Tomczak v Szczur, 56 AD2d 737 [which also indicates excusable default and meritorious defense in the moving papers]).
However, an additional ground on which to deny vacatur exists. Plaintiff’s motion for default judgment was granted, according to court records, on January 12, 1981, by the calendar Justice (Hon. Donald H. Miller), off the Trial Calendar when defendant failed to appear. An immediate reference to this court (Hon. Thomas Aloi) for inquest was directed by the calendar Justice, who, at least impliedly, must have “dispense[d] with the requirement of notice” (CPLR 3215, subd [f], par 1; subd [a]; 22 NYCRR 1024.7 [b]). The adjournment of the inquest to a later date before another Justice (Hon. Edward F. McLaughlin), should in no way invalidate the default granted by the calendar Justice. The Rules of the Appellate Division of the Supreme Court, Fourth Department, provide that “[a]ny motion to open or vacate a calendar default resulting in an inquest * * * shall be made as provided by CPLR 5015” (22 NYCRR 1024.7 [c]). As noted above, neither a showing of a meritorious defense nor of an excusable default has been made in this instance; thus the standards for a vacatur motion pursuant to CPLR 5015, and case law thereunder, are not met in this application.
Motion denied.