■ BENJAMIN I. WECHSLER, Respondent, v M. MICHAEL KULUKUNDIS, Appellant.—Casey, J. Appeal from an order of the Supreme Court (Williams, J.), entered July 10, 1986 in Sullivan County, which denied defendant's motion to vacate a default judgment entered against him.

On this appeal defendant seeks relief from a default judgment entered against him on May 6, 1986, contending lack of personal jurisdiction in an action to foreclose a mortgage. The foreclosure action was commenced on March 4, 1986 by delivery of a true copy of the summons and complaint to Arlene Benson, an employee of defendant, at defendant's actual place of business in New York City. The process server, not a party to this action and over the age of 18 years, also allegedly, on the same day, mailed true copies of the summons and complaint to defendant's last known place of residence and, also by ordinary mail, sent a copy of the summons and complaint to defendant at his actual place of business.

On May 7, 1986, the day after the default judgment of foreclosure was entered against defendant, plaintiff's attorney allegedly mailed letters enclosing a conformed copy of the judgment of foreclosure and sale to defendant at both his actual place of business and residence, informing him that the foreclosure sale was scheduled for June 12, 1986. It was not until June 11, 1986 that defendant made application, by order to show cause, to vacate the default judgment and to stay the foreclosure sale, contending that although a copy of the pleadings had been served on Benson, his employee, the other copy

had not been sent to his last known residence, but rather to his office. Defendant further alleged that any neglect on his part was excusable due to his belief that the pleadings were being used as a tactic in ongoing settlement negotiations. These negotiations concerned defendant's claim that he had been falsely induced to purchase the property on the representation that the State was interested in its acquisition at a certain price within a year and if that failed plaintiff would reduce the purchase price and the mortgage.

At the hearing conducted June 12, 1986, defendant admitted residing at 12 East 67th Street in New York City, the residence to which process was mailed, but asserted that he did not receive the summons and complaint there. Defendant further stated that he traveled frequently during the months of March and April 1986. He conceded that during this time the letter could have been received and not given to him. In opposition, plaintiff submitted the affidavit of the process server.

As to the mailing on May 7, 1986 of the copies of the foreclosure and sale judgment, defendant admitted receipt of those papers at his office and that he became aware of them on May 23, 1986, but denied knowledge of their receipt at his residence. Defendant next contended that it took from May 23, 1986 to June 9, 1986 for him to obtain an attorney and to seek judicial intervention before the sale, especially since in that period he had to go to Hawaii. Supreme Court denied defendant's motion to vacate his default. The foreclosure sale was held on the same day, June 12, 1986, and plaintiff purchased the subject property. Defendant appeals.

In the circumstances stated above, Supreme Court properly determined that defendant failed to rebut plaintiff's prima facie showing that defendant had been effectively served by substituted service pursuant to CPLR 308 (2). Having admitted that the summons and complaint were delivered to his employee in his office on March 4, 1986 and having failed to show that the employee was not authorized to accept service (see, De Capua v Morrissey, 67 AD2d 832), defendant has failed to rebut effectively the allegations of the process server's affidavit (see, Skyline Agency v Ambrose Coppotelli, Inc., 117 AD2d 135, 139). With respect to mailing pursuant to CPLR 308 (2), defendant has again failed to produce sufficient evidence to rebut plaintiff's showing that the summons and complaint were mailed by ordinary mail to defendant's last known place of residence in a postpaid, sealed wrapper. Defendant's denial of receipt, when he was not staying at his

residence at the time, is insufficient to overcome the presumption of delivery *(see, Engel v Lichterman,* 95 AD2d 536, 538, *affd* 62 NY2d 943). Furthermore, defendant's mere denial of receipt in this substituted service case is insufficient to require the process server to be called for cross-examination.

For the first time on this appeal, defendant additionally urges that the failure of plaintiff to provide the additional notice pursuant to CPLR 308 is a jurisdictional defect requiring vacatur of the foreclosure judgment. The judgment of foreclosure rendered on May 6, 1986 predated the repeal of the unnumbered paragraph of CPLR 308 (5) and its reenactment (CPLR 3215 [f] [3]), and consequently remains unaffected by that change *(see,* L 1986, ch 77, eff Jan. 1, 1987). Although plaintiff has failed to allege compliance with the additional notice that was then contained in CPLR 308 (5) this court has previously held that such failure does not " 'automatically entitle defendant' to relief from the judgment' " *(Kirkman/ 3hree, Inc. v Priority AMC/Jeep,* 94 AD2d 870, 871, quoting 4 Weinstein-Korn-Miller, NY Civ Prac ¶ 3215.29). Moreover, since defendant has conceded that he was aware that a summons and complaint had been delivered to his office by March 14, 1986, he can hardly now claim that failure to comply with the additional notice requirement of CPLR 308 (5) prejudiced him.

Finally, defendant has not shown that his default was excusable pursuant to CPLR 5015 (a) (1). We believe the time span from March 14, 1986, when defendant had actual knowledge of the commencement of the action, to May 6, 1986, the date of judgment, was sufficient time for defendant to make a defense and we consider defendant's claim of fraud in the inducement to be specious *(see, Central Funding Co. v Kimler,* 54 AD2d 748; *see also, Marine Midland Bank v Hall,* 74 AD2d 729, 730). Accordingly, the order appealed from should be affirmed.

Order affirmed, with costs. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.