◼ FLEET FINANCE, INC., Respondent, v MELVIN NIELSEN et al., Appellants, and WILLIAM DODENHOFF, Respondent, et al., Defendants. [650 NYS2d 904] —Carpinello, J. Appeal from an order of the Supreme Court (Ferradino, J.), entered November 13, 1995 in Saratoga County, which, *inter alia*, denied a motion by defendants Melvin Nielsen and Barbara G. Nielsen to vacate a judgment of foreclosure entered against them.

This foreclosure action was commenced in May 1992. Defendant Barbara G. Nielsen was personally served with the summons and complaint on May 30, 1992 while her husband, defendant Melvin Nielsen, was served by substituted service on June 3, 1992. By letter dated June 16, 1992, the Nielsens (hereinafter collectively referred to as defendants) rejected and returned the complaint. They did not deny that they had not complied with the terms of their mortgage with plaintiff; instead they contended that the 18% interest rate was excessive. By letter dated June 25, 1992, plaintiff's counsel informed defendants that it was going forward with the action.

Defendants still did not answer but instead wrote another letter to plaintiff. By further letter dated July 8, 1992, plaintiff's counsel informed defendants that their correspondence should not be understood as forestalling the action and advised them to obtain legal counsel. Defendants thereafter served an untimely answer dated July 16, 1992 which plaintiff rejected. On September 10, 1993, plaintiff requested that the parties meet before it went forward with its case. By letter

dated October 12, 1993, defendants' attorney asked that plaintiff call to arrange a meeting. No meeting apparently took place. Nothing further happened until July 8, 1994, when plaintiff moved for a default judgment of foreclosure and sale. The motion was granted and judgment was entered on August 12, 1994. On October 3, 1994, plaintiff purchased the mortgaged property and on January 24, 1995, defendants were notified of the sale *and the property's subsequent reconveyance to a third party.* By motion dated June 2, 1995, defendants sought to vacate the judgment of foreclosure. Supreme Court denied the motion and defendants appeal.

Defendants' motion was made pursuant to CPLR 5015 (a) (4), which permits vacatur of a prior judgment on the ground of a lack of jurisdiction. In their supporting papers they also contended that the judgment was defective based on CPLR 3215 (g). Insofar as pertinent, that statute requires that a defendant who has appeared is entitled to five days' notice of the time and place of the default application and if more than one year has elapsed since the defendant's default, then even a defendant who has not appeared is entitled to the same notice (CPLR 3215 [g] [1]). The statute also requires that if a defendant has not appeared and the action is based on contract, the party seeking default must submit an affidavit that additional notice was given by the plaintiff "at least twenty days before the entry of such judgment" (CPLR 3215 [g] [3] [i]). In applying CPLR 3215 to the facts of this case, we initially note that there is no evidence in the record that plaintiff complied with the notice requirements. As to defendants' status, their correspondence with plaintiff's counsel should be deemed a *pro se* appearance (*see, Bedard v Najim*, 222 AD2d 979, 980, n). Even if it could be said to be an untimely appearance, insofar as plaintiff did not seek default within the one-year time period, defendants were still entitled to the statutory notice.

Nevertheless, the lack of notice in this case does not warrant a vacatur of the default judgment. At the outset, we do not agree with the claim that, because the default was sought in excess of the one-year time period, the failure to comply with the requirements of CPLR 3215 constitutes a jurisdictional defect under CPLR 5015 (a) (4) (*see generally, Wechsler v Kulukundis*, 130 AD2d 892; *but see, Kraus Bros. v Hoffman & Co.*, 99 AD2d 401; *Tomczak v Szczur*, 56 AD2d 737). Nor do we accept the contention that the failure to give notice automatically warrants a vacatur of a default judgment. As it has been noted, "the lack of such notice should not amount to a fatal defect [in a case where] defendant has neither a meritorious

defense nor another objection that he can assert" (4 Weinstein-Korn-Miller, NY Civ Prac 3215.37; *see, Rust v Sifer*, 115 Misc 2d 363). It is clear that, in general, when seeking to vacate a default judgment, a movant is required to show a meritorious defense (*see*, CPLR 5015; *Burger v Burger*, 182 AD2d 667). We are of the view that this requirement is not obviated even where the requirements of CPLR 3215 have not been satisfied.

Here, in reviewing the correspondence between the parties, it is not evident that notice would have resulted in defendants' taking any action. In any event, even if we accepted defendants' contention that they would have responded to the notice had it been given, they have failed to make a showing of a meritorious defense. Their argument throughout this case has consisted of only the conclusory claim that the interest rate was excessive and is insufficient to justify the reopening of the default judgment.

Mikoll, J. P., Casey, Yesawich Jr. and Spain, JJ., concur. Ordered that the order is affirmed, without costs.