■ J. Justin Rothschild, Respondent, v Steven Finkelstein, Appellant. [670 NYS2d 331] —In an action to recover the proceeds of two promissory notes brought by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, the defendant appeals from an order of the Supreme Court, Westchester County (Coppola, J.), entered March 14, 1997, which denied his motion to vacate a judgment of the same court, dated August 19, 1996, entered upon his default in answering.

Ordered that the order is affirmed, with costs.

The plaintiff established that service of process was properly effectuated by so-called "delivery and mail" service pursuant to CPLR 308 (2). Although the plaintiff did not comply with the further notice requirements of CPLR 3215 (g) (3) (i), the lack of such notice in this case does not warrant a vacatur of the judgment entered upon the defendant's default in answering. The summons had already been sent to the defendant's residence, and the defendant admitted that he had received it. " '[T]he lack of such notice should not amount to a fatal defect [in a case where] defendant has neither a meritorious defense nor

another objection that he can assert' " (*Fleet Fin. v Nielsen,* 234 AD2d 728, 729-730, quoting 4 Weinstein-Korn-Miller, NY Civ Prac ¶ 3215.37; *see,* CPLR 5015; *Wechsler v Kulukundis,* 130 AD2d 892; *Kirkman / 3hree, Inc. v Priority AMC Jeep,* 94 AD2d 870). The defendant's affidavit, which contains only conclusory assertions, is insufficient to establish a meritorious defense (*see, Smith v City of New York,* 237 AD2d 344; *Starr Block Co. v Tedesco,* 146 AD2d 692). Mangano, P. J., Miller, Pizzuto and Krausman, JJ., concur.