OPINION OF THE COURT
Richard F. Braun, J.
This is an action for breach of lease, attorney’s fees, brokerage commissions, and re-rental expenses. Plaintiff was landlord and Defendants were the tenants of the subject premises. A judgment was entered in favor of Plaintiff against Defendants in the amount of $118,810.11 on the first cause of action, and the other causes of action were discontinued.
Defendants Suzuki Associates, Ltd. and P. C. Smith Ltd. (Defendants) move for an order staying “enforcement and/or execution of any judgments,” vacating the judgment entered against them, and, upon vacatur, permitting Defendants to defend this action. Plaintiff cross-moves to direct that Defendants be compelled to appear at a deposition, pursuant to CPLR 5223 and 5224, or alternatively that, pursuant to CPLR 5015, Defendants be required to post a bond or undertaking and pay counsel fees.
In order to obtain vacatur of a default judgment pursuant to CPLR 5015 (a) (1), a defendant must show a reasonable excuse and a meritorious defense (Eugene Di Lorenzo, Inc. v Dutton Lbr. Co., 67 NY2d 138, 141 [1986]). Defendants’ failure to receive the summons, which was served pursuant to Business Corporation Law § 306 (b) (1), is not a sufficient excuse to vacate their default (see, Kramer, Levin, Nessen, Kamin & Frankel v International 800 Telecom Corp., 190 AD2d 538 [1st Dept 1993]). Defendants have not shown any reasonable excuse to have their default vacated. Even if they had, Defendants must also demonstrate that they have a meritorious defense.
Defendants have not done so. That Plaintiff may not have provided certain services while Defendants were in possession of the subject premises is not a defense to the rent claim of Plaintiff (Towers Org. v Glockhurst Corp., 160 AD2d 597, 599 [1st Dept 1990]), especially in light of the no set-off or deduction provision on the first page of the lease between the parties for the subject premises (Lincoln Plaza Tenants Corp. v MDS Props. Dev. Corp., 169 AD2d 509, 512 [1st Dept 1991]). Furthermore, Defendants’ conclusory claims in that regard are insufficient to constitute a meritorious defense (Rothschild v Finkelstein, 248 AD2d 701, 702 [2d Dept 1998]; Fleet Fin. v Nielsen, 234 AD2d 728, 730 [3d Dept 1996]). Further, contrary *490 to Defendants’ argument that Plaintiff failed to mitigate damages, this court must follow the appellate dictate that a commercial landlord does not have a duty to mitigate damages (Holy Props. v Cole Prods., 87 NY2d 130, 133-134 [1995]; Sage Realty Corp. v Kenbee Mgt. N. Y., 182 AD2d 480, 481 [1st Dept 1992]). In addition, pursuant to the May 11, 1999 stipulation in Civil Court, the August 10, 1999 decision and order there, and paragraph 18 of the subject lease, Plaintiff could assert its right to collect rent from Defendants for the subject premises until re-rental thereof to another tenant for a future rent higher than Defendants were charged under the lease (see, Lexington Ave. & 42nd St. Corp. v Pepper, 221 AD2d 273 [1st Dept 1995]). Finally, pursuant to paragraphs 18, 33, 36, and 48 of the subject lease, Plaintiff was entitled to retain the security deposit given to Plaintiff by Defendants under the lease.
Defendants never appeared in this action before entry of the judgment, which was applied for, signed, and entered within one year of Defendants’ default. Thus, contrary to the argument of Defendants, under the circumstances, Defendants were not entitled to notice under CPLR 3215 (g) (1) that Plaintiff would be applying for entry of a judgment (see, Woodson v Mendon Leasing Corp., 232 AD2d 291 [1st Dept 1996]).
Any failure by Plaintiff to give Defendants proper notice pursuant to CPLR 3215 (g) (4) (i) would be an excuse to vacate the entry of the judgment (but not the judgment itself) (cf, Rothschild, supra, at 701 [where there was a lack of notice pursuant to CPLR 3215 (g) (3) (i), and the motion to vacate a default judgment was not granted because a meritorious defense was not shown]; Fleet, supra, at 729-730 [same]; Rafa Enters. v Pigand Mgt. Corp., 184 AD2d 329 [1st Dept 1992] [where a motion for a default judgment was denied due to the failure to supply an affidavit showing compliance with the predecessor to CPLR 3215 (g) (4) (i)]). The purpose of CPLR 3215 (g) is to give a defaulting defendant additional notice of the action before a judgment can be entered (see, Palais Partners v Vollenweider, 173 Misc 2d 8, 12 [Civ Ct, NY County 1997]). That added notice affords a defaulting defendant an opportunity to assert a good excuse and meritorious defense or valid jurisdictional objection in order to have a default vacated and avoid entry of judgment.
Defendants are not seeking a vacatur of entry of the judgment. Even if an improper entry of judgment here could lead to this court’s granting the prong of the motion seeking a stay of enforcement and/or execution, the court should not grant such *491 relief because Defendants have no basis to vacate the judgment, and thus, pursuant to CPLR 2001, the court will disregard any defect in failing to comply with CPLR 3215 (g) (4) (i).
Under CPLR 5223, Plaintiff compelled Defendants to submit to disclosure pursuant to CPLR 5224 by way of the subpoena (duces tecum), dated October 30, 2000. Thus, the branch of the cross motion to compel is the wrong remedy for Plaintiff to be seeking, but rather Plaintiff should be proceeding under CPLR 5251. The second part of the cross motion is moot.
Therefore, the motion must be denied. The cross motion should be denied also.