OPINION OF THE COURT
Mark C. Dillon, J.
*963 The plaintiff, the County of Westchester, seeks damages of $150 plus interest from the defendant, Carlos A. Silva, as a result of Silva’s violation of Westchester County Administrative Code § 270.106 (12). The statute prohibits individuals from operating a vehicle for-hire without a valid permit from the Taxi and Limousine Commission (TLC). Silva’s violation of the statute was determined in a report of an Administrative Law Judge dated August 15, 2003 (Fufudio, ALJ).
The County’s summons and verified complaint were filed October 4, 2004 and served upon the defendant pursuant to CPLR 308 (4) on November 15, 2004. By affidavit, further service is evidenced by a regular mailing by Iris Coleman on December 20, 2004, purportedly pursuant to CPLR 3215 (g) (3).
The defendant’s time to appear and answer in the action has passed, without any appearance or answer. (CPLR 320 [a].)
By ex parte motion, the plaintiff seeks an order granting a default judgment of the $150 penalty plus interest. The ex parte papers request judgment in the amount of statutory civil penalties authorized by county law, without addressing additional relief sought in the complaint for an order pursuant to CPLR 7202 enjoining Silva from operating a vehicle for-hire within Westchester County without a valid TLC permit.
CPLR 3215 (g) (3) provides that when a default judgment is sought against a natural person in an action for nonpayment of a “contractual obligation,” notice of the default motion is not required if there has been an additional mailing of the summons to the defendant’s residence in an envelope marked “personal and confidential” and without indicating that the communication is from an attorney or concerns a debt. A question raised here is whether the County may avail itself of the mailing requirements of CPLR 3215 (g) (3) and thereby bypass service of the default motion upon the defendant, where the judgment sought involves a statutory civil penalty. For reasons set forth below, the court concludes that a statutory penalty is not a “contractual obligation” within the scope of CPLR 3215 (g) (3), and the County’s ex parte default application must be denied as its moving papers have not been served upon the defendant.[1]
McKinney’s Consolidated Laws of NY, Book 1, Statutes § 94 requires that courts give effect to the plain and literal meaning *964 of language contained in legislative enactments. The plain language of CPLR 3215 (g) (3) permits consideration of a default motion, without notice to the defendant, where there is an additional mailing of the summons in an appropriately marked envelope, and where the action is based upon the nonpayment of a “contractual obligation.” The civil penalty sought by the plaintiff as a result of the defendant’s violation of Administrative Code § 270.106 (12) is not a “contractual obligation,” but rather, a statutory obligation of general applicability not borne of any privity between the parties.
A survey of decisional authorities involving CPLR 3215 (g) (3) suggests that mailings under the statute have been utilized in clearly contract-based actions, without expansion to claims beyond contracts. (E.g., Schilling v Maren Enters., Inc., 302 AD2d 375, 376 [2d Dept 2003] [breach of contract]; Fleet Fin., Inc. v Nielsen, 234 AD2d 728 [3d Dept 1996] [mortgage obligation]; New York City Hous. Auth. v Olympia Constr., Inc., 4 Misc 3d 1016[A], 2004 NY Slip Op 50912[U] [Sup Ct, NY County 2004] [expressed contract]; Orix Fin. Servs. v Baker, 1 Misc 3d 288, 291 [Sup Ct, NY County 2003] [loan guarantee]; 342 Madison Ave. Assoc. Ltd. Partnership v Suzuki Assoc., 187 Misc 2d 488 [Sup Ct, NY County 2001] [lease contract].) Conversely, there appears to be no case law recognizing CPLR 3215 (g) (3) as applicable to municipal actions seeking payment of statutory fees.[2]
In light of the foregoing, it be and is hereby ordered that the motion of the plaintiff, the County of Westchester, for a default judgment pursuant to CPLR 3215 is denied, without prejudice to the presentment of proper papers; and it is further ordered *965 that the prayer for relief in the complaint of the plaintiff, the County of Westchester, for an order enjoining the defendant from operating a vehicle for-hire absent a TLC permit, remains extant.

. The court notes a contradiction in the plaintiffs papers. While asserting that the defendant is not entitled to notice of the default application under CPLR 3215 (g), the plaintiff nonetheless mailed the summons and complaint to the defendant, presumably pursuant to section 3215 (g) (3), even though *964 this subdivision applies only to actions based upon nonpayment of a contractual obligation.

. The plaintiff may have had a practice of seeking ex parte default judgments for statutory fees over a period of many months or years. This decision calls into question the validity of any such default judgments obtained where there has been no service by the County of the default motions upon defendants. (See generally, CPLR 5015 [a] [4]; 2214 [b]; Juseinoski v Board of Educ. of City of N.Y., 15 AD3d 353 [2d Dept 2005].) In fact, the court can only assume that the plaintiff is seeking to utilize the notice provision of section 3215 (g) (3) (i), even in noncontractual matters, in order to avoid serving the default motion upon the defendant. While CPLR 3215 (g) (1) states by implication that a defendant who has failed to answer or appear in an action is not entitled to notice of the default application, the plaintiff has previously been advised that the undersigned requires notice of the application upon all defendants. Indeed, the statute does not prohibit such notice and, in fact, providing notice constitutes better practice and affords the court a more complete procedural record when asked to grant the drastic relief of a default judgment.